UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THILL LOGISTICS, INC.
f/k/a NAT, LLC;

                        Plaintiff,

v.                                              Case No. 09-C-1096

FLUIDITY FITNESS, LLC;
MICHELLE AUSTIN,

                        Defendants.

---

## AMENDED COMPLAINT

---

      Plaintiff, Thill Logistics, Inc. f/k/a NAT, LLC (hereinafter "Thill"), by its attorneys, BOLLENBECK, WAGENER, SPAUDE & FYFE, S.C., by Andrew Wagener, for its amended complaint against defendants Fluidity Fitness, LLC (hereinafter "Fluidity") and Michelle Austin (hereinafter "Fluidity") alleges:

### NATURE OF ACTION

1. This is an action for breach of contract against Fluidity Fitness, LLC and fraud against Fluidity Fitness, LLC and Michelle Austin.

### PARTIES

2. Thill is a Wisconsin corporation with its principle business offices located at 355 Byrd Avenue, Neenah, Wisconsin.

3. Fluidity Fitness, LLC is a Delaware limited liability company with its principle offices located at 410 East 78th Street, Apt. PH-C, New York, New York. Fluidity Fitness, LLC is primarily engaged in the business of manufacturing fitness products.

4. Michelle Austin is an adult resident of the State of New York currently residing at 410 East 78th Street, Apt. PH-C, New York, New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367.

6. This Court has both general and specific jurisdiction over Fluidity. This Court has general jurisdiction over Fluidity because it has engaged in pervasive and intentional business contacts in this District, including (1) conducting business with Thill relating to fulfillment services and customer service support and (2) entering into a Contract of Fulfillment Services and Customer Service Support with Thill, a Wisconsin corporation. This Court has specific jurisdiction over Fluidity because it consented to such jurisdiction in the Contract of Fulfillment Services and Customer Service Support it entered into with Thill.

7. This Court has both general and specific jurisdiction over Austin. This Court has general jurisdiction over Austin because she has engaged in pervasive and intentional business contacts in this District, including (1) conducting business with Thill relating to fulfillment services and customer service support and (2) executing a Contract of Fulfillment Services and Customer Service Support with Thill, a Wisconsin corporation. This Court has specific jurisdiction over Austin because she consented to such jurisdiction by executing the Contract of Fulfillment Services and Customer Service Support it entered into with Thill.

## FACTS

8. During the Electronic Retailing Association Miami Trade Show in March of 2009, Todd Thill, President of Thill, and Michelle Austin, CEO of Fluidity, entered into discussions regarding fulfillment services for Fluidity.

9. During their initial discussions, Fluidity promised to reopen an active campaign to promote the Fluidity Bar, an exercise devise sold through infomercials and on the internet.

10. Michelle Austin represented that the campaign would achieve its previous success with a new television media campaign which was to begin in the summer of 2009.

11. Michelle Austin represented that Fluidity would sell approximately 120,000 units annually.

12. Thill agreed to a low cost structure that included crediting storage fees for a period of six months on the basis that that the product would be stored in Wisconsin

13. Michelle Austin initially stated that she was in litigation with former business partner, Harold Kraft, and that as a result of that litigation she had to keep the product in California.

14. Defendants ultimately agreed that the product would be stored in California for an initial period of 60 days before being transferred to Wisconsin for storage and fulfillment. All newly manufactured products would be shipped from China, the place of manufacturing, to Wisconsin.

15. Also as part of their initial discussions, Thill offered to transfer Fluidity's inventory from Motivational Fulfillment, Inc. to Thill's fulfillment center in California.

16. Based on the representations made by the CEO and Owner, Michelle Austin, of the success that Fluidity would have in its sales, Thill agreed to relocate Fluidity's inventory.

17. As a result of transferring the inventory, Thill incurred approximately $12,000 in transportation costs.

18. Thill and Fluidity entered into a Contract for Fulfillment Services and Customer Service Support on March 31, 2009 (hereinafter the "Contract"). A copy of the Contract is attached hereto as Exhibit "A" and incorporated herein by reference.

19. The Contract provided for a range of services and support to sell the product known as the Fluidity Bar and is widely distributed as an infomercial product.

20. The range of services include order processing, warehouse storage, shipping, customer support services and outbound call center solutions.

21. Defendants did not reactivate the television marketing campaign.

## FIRST CLAIM:
## BREACH OF CONTRACT BY FLUIDITY FITNESS, LLC

22. Plaintiff reasserts and realleges the information set forth in paragraphs 1 through 22 above as though fully set forth herein.

23. The Plaintiff and Fluidity entered into the Contract attached hereto as Exhibit "A" on March 31, 2009.

24. In accordance with the Contract, Thill has performed all of its contractual obligations including, but not limited to, order processing, warehouse storage, shipping, customer support services and outbound call center solutions.

25. Currently, there is an outstanding balance due from Fluidity to Thill in the amount of $125,183.14. Copies of the outstanding Invoices are attached hereto as Exhibit "B" and incorporated herein by reference.

26. Thill has demanded payment from Fluidity and Fluidity has refused to provide payment.

27. Fluidity's failure to provide payment for services provided by Thill constitutes a breach of the Contract.

## SECOND CLAIM:
## FRAUD BY FLUIDITY FITNESS, LLC AND MICHELL AUSTIN

28. Plaintiff reasserts and realleges the information set forth in paragraphs 1 through 27 above as though fully set forth herein.

29. Michelle Austin is the CEO and owner of Fluidity.

30. Michelle Austin was the primary individual to negotiate the Contract on behalf of Fluidity.

31. The negotiations between Michelle Austin and Thill took place in March of 2009 in person at the Electronic Retailing Association Miami Trade Show, via telephone conversations and email correspondence.

32. Michelle Austin represented that Fluidity would engage in an active marketing campaign to increase the sales and re-establish the Fluidity Bar into the market through various media vehicles. These vehicles would include infomercials and internet marketing through the use of telemarketers.

33. At the time Michelle Austin was negotiating the Contract, Fluidity was in serious financial distress.

34. Negotiations with Thill were merely an attempt to prevent further liquidation by other fulfillment centers that Fluidity was indebted to for services provided.

35. At the time that Michelle Austin and Fluidity entered into the contract with Thill, Michelle Austin and Fluidity had no intentions of performing the contract.

36. Thill relied on representations of Fluidity and Michelle Austin and as a result, incurred frontend expenses regarding the transportation and setup costs to fulfill future orders.

37. Michelle Austin's individual representations and representations on behalf of Fluidity are the cause of monetary damages to Thill.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff, Thill Logistics, Inc. f/k/a NAT, LLC, demands that Judgment be entered in its favor and against defendants, Fluidity Fitness, LLC and Michelle Austin as follows:

A.  Adjudging that Fluidity Fitness, LLC is in breach of the Contract.

B.  Adjudging that Fluidity Fitness, LLC and Michelle Austin committed fraud against Thill Logistics, Inc;

C.  Awarding Thill Logistics, Inc. damages together with prejudgment interest, caused by defendants' breach of contract and fraud, including, but not limited to $125,183.14;

D.  Awarding Thill Logistics, Inc. reasonable attorneys' fees and costs of this action; and

E.  Granting such other and further relief as the court deems appropriate.

## JURY DEMAND

Plaintiff, Thill Logistics, Inc. f/k/a NAT, LLC demands a jury for all factual issues not admitted by the defendants.

Dated at Appleton, Wisconsin, this 25th day of November, 2009.

> s/Andrew Wagener (State Bar No. 1032494)
> BOLLENBECK, WAGENER, SPAUDE & FYFE, S.C.
> W6260 Communication Court
> Appleton, WI 54914
> Phone: (920) 735-1711
> Fax: (920) 735-1710
> wagener@bwsf.biz
>
> *Attorney for Plaintiff, Thill Logistics, Inc. f/k/a NAT, LLC*